IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RON SCHADE, Personal Representative of the Estate of ANGELA SCHADE, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS PETERSON, in his official and individual capacities, and DOES 1 - 10, in their official and individual capacities,<br><br>Defendants. | Case No. _____<br><br><br>**COMPLAINT, JURY DEMAND, AND DESIGNATION OF PLACE OF TRIAL** |

Ron Schade, Personal Representative of the Estate of Angela Schade, Deceased, Plaintiff in the above-captioned matter, by and through his counsel of record, for his cause of action against Defendants, states as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Ron Schade ("SCHADE") is a United States citizen and resident of Grand Island, Hall County, Nebraska. He is the duly appointed Personal Representative of the Estate of his daughter, Angela Schade ("ANGIE"), who died on November 5, 2014.

2.

Defendant PETERSON is sued in his individual and official capacities. At the times relevant to this case, PETERSON was an agent and employee of the State of Nebraska Department of Probation. DOES were PETERSON's supervisors and fellow probation officers before the investigation of PETERSON's sexual misconduct began, and supervisors and fellow probation officers who participated in the "investigation" of PETERSON's misconduct by the

Department of Probation, to include the spoliation of evidence. DOES, too, are sued in their individual and official capacities.

3.

At all relevant times, Defendants PETERSON and DOES were acting in the course and scope of their employment with the State of Nebraska and under color of state law.

## JURISDICTION AND VENUE

5.

This lawsuit involves the deprivation of ANGIE's constitutionally guaranteed rights by Defendants under color of state law. It is brought pursuant to 42 U.S.C. §§ 1983 and 1985. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. The rights sought to be enforced include ANGIE's rights guaranteed her under the 4th and 14th Amendments of the United States Constitution.

6.

The events at issue in this case transpired primarily in and around Buffalo County, Nebraska. Thus, venue is proper in North Platte, Nebraska.

## BACKGROUND

7.

PETRSON was a deputy probation officer employed by the State of Nebraska District 9 Probation Office in Kearney, Buffalo County, Nebraska. PETERSON was an employee of the State of Nebraska serving in the judicial branch.

8.

As a deputy probation officer, PETERSON had the duty to supervise offenders placed on probation by various courts. He also had the duty to assist other District 9 probation officers in

carrying out their supervisory responsibilities to include assisting in home visits of probationers. The duties of PETERSON included the responsibility and authority to report to sentencing courts regarding violations of conditions of probation allegedly committed by individual probationers.

9.

PETERSON also had the duty and authority to advise sentencing courts whenever the situation of a probationer might require adjustment of the conditions of probation or the outright termination of probation. Reports of non-compliance to sentencing courts by PETERSON could, and sometimes did, result in an individual probationer's probation being revoked with the probationer then being sentenced to confinement in a jail or correctional facility.

10.

PETRSON also had the power to arrest probationers under his supervision in circumstances where the probationer was allegedly out of compliance with his or her terms of probation.

11.

ANGIE was serving a sentence of probation and was assigned to the District 9 probation office for supervision.

12.

For much of her life, ANGIE had suffered from addiction to drugs. Her drug use led her into criminal activity, which in turn led to multiple arrests and convictions. On June 23, 2011, ANGIE was sentenced to serve a term of probation for four years. The terms of the probation order required ANGIE to refrain from using drugs and alcohol, attend drug counseling and 12-

step meetings, submit to drug testing, and "submit to a search of [her] person, vehicle or property … at any time by the Probation officer[.]"  PETERSON then became ANGIE's probation officer.

13.

From about June 2011 through January 2014 in the District of Nebraska, PETERSON, while acting under color of law, did willfully deprive ANGIE of a right secured and protected by the Constitution and laws of the United States; that is, the right not to be deprived of liberty without due process of law, which includes the right to bodily integrity.  Specifically, PETERSON engaged in sexual acts and sexual contact with ANGIE through coercion by his status and his ability to either arrest ANGIE and revoke her probation, or allow her to violate terms of her probation without being reported to the sentencing court as a *quid pro quo* for sexual acts.

14.

During that time, PETERSON allowed and excused ANGIE to persist and accelerate in her drug addiction, as a *quid pro quo* for sexual acts.  ANGIE's preexisting condition of mental illness and drug addiction became permanently irreparably virulent, including after PETERSON was no longer assigned to supervise ANGIE.

15.

By causing the worsening of her addiction and mental illness, PETERSON thus directly and proximately caused ANGIE to suffer needlessly until her death on November 5, 2014.

16.

DOES were also responsible to establish procedures for the direction and guidance of deputy probation officers under their jurisdiction and advise such officers in regard to the most effective performance of their duties; to supervise and evaluate deputy probation officers under his or her jurisdiction; to delegate such duties and responsibilities to a deputy probation officer as

he or she deems appropriate; to make such reports as required by the administrator, the judges of the probation district in which he or she serves, or the Supreme Court; and to cooperate fully with and render all reasonable assistance to other probation officers. DOES were furthermore dutybound by statute to exercise all powers and perform all duties necessary and proper to carry out his or her responsibilities.

19.

Yet, DOES approved PETERSON's sexual misconduct toward ANGIE and others by declining to investigate despite that PETERSON was engaging in similar sexual misconduct with other female probationers; and, when DOES did investigate, they spoliated evidence of his misconduct. DOES' "investigation" was intended not to identify and stop PETERSON's misconduct, but to avoid embarrassment and conflict, at the expense of female probationers such as ANGIE.

20.

The misconduct of the Defendants set forth above caused ANGIE to suffer and endure worsening of her addiction and related mental illness, to her special and general damage in an amount to be determined at trial.

21.

DOES are accountable under 42 U.S.C. § 1983 because they established policies or practices that were intended to and did encourage, endorse, and reward their agents and employees for violating ANGIE's constitutional rights and the rights of similarly situated persons; and because they ratified PETERSON's behavior by delaying investigation, conducting an eventual investigation that was so inadequate as to constitute a ratification of PETERSON's and

their own misconduct, and spoliating evidence. At the very least, Defendants were deliberately indifferent to such constitutional violations.

## COUNT I

## 42 U.S.C. § 1983

22.

ANGIE had a due process right to bodily integrity and to be free from coerced sexual activity. She also had a due process right to not be subjected to emotional and mental abuse of her serious medical condition, *i.e.*, mental illness and addiction, by a state actor and authority figure with the power to search her, arrest her or otherwise take her into custody without probable cause.

23.

The violation of ANGIE's due process right to bodily integrity was deliberately and intentionally brought about by PETERSON, who abused his position as ANGIE's probation officer to coerce sexual contact through his ability to effectuate her arrest and *quid pro quo* allowance of continued drug use.

24.

The actions of PETERSON resulted in invasions of ANGIE's rights to substantive due process under the Fourteenth Amendment to the federal Constitution.

25.

PETERSON's actions interfered with ANGIE's fundamental constitutional rights under the Fourteenth Amendments to the federal Constitution, which are protected by 42 U.S.C. §§ 1983 and 1988. These actions proximately and directly caused ANGIE harm and damage,

including the infliction of psychological and physical harm, and worsening of her addition which did not resolve before her death.

## COUNT II

### 42 U.S.C. § 1983- VIOLATIONS COMMITTED BY DOES

26.

DOES, by and through the words and deeds of their relevant final policymaker, had in effect, both before and at the time of the events alleged in this complaint, policies, practices and customs that operated to deprive ANGIE of her constitutional rights.

27.

These policies include but are not limited to:

A. A policy, practice and custom of tolerating if not openly encouraging abusive and unsafe practices toward female probationers by probation officers;

B. A policy, practice and custom of failing to investigate and discipline probation officers who violate the Constitution or law or who otherwise transgress the rights of female probationers;

C. A policy, practice and custom of investigating complaints against probation officers in a manner designed to clear the officers and the District 9 Probation Office, to include "losing"/spoliating evidence; and

D. A policy, practice and custom of being deliberately indifferent to the violation by such officers of the above-listed rights of female probationers.

28.

These interrelated policies, practices and customs, separately and together, were implemented intentionally to deprive female probationers of their constitutional rights, or at the

very least, were implemented with a deliberate indifference to the rights of female probationers such as ANGIE and were a direct and proximate cause of the Constitutional violations and injuries visited upon ANGIE as set forth above.

## THIRD CAUSE OF ACTION

## 42 U.S.C. § 1983 -- RATIFICATION

29.

DOES were policymakers and final decisionmakers for the District 9 Probation Office.  In that capacity, DOES first delayed investigating PETERSON inexcusably in spite of reasons to review his interactions with female probationers; and eventually conducted and approved an investigation into complaints regarding sexual misconduct by PETERSON that was so inadequate as to constitute a ratification of the violation of ANGIE's right to due process.

30.

The investigation propagated and approved by DOES omitted interviews of potential witnesses who were female probationers either assigned to PETERSON or who had had encounters with PETERSON, and resulted in the loss of evidence.

31.

In the course of the investigation propagated and approved by DOES, audio footage was lost and never retrieved.  DOES knew that this footage would be relevant to potential litigation, yet failed to retrieve it and/or order its retrieval and preservation.

32.

The investigation propagated and approved by DOES concluded without information that would have enabled the State of Nebraska, the Federal Bureau of Investigation or the United States Attorney to make a truly accurate assessment of the events at issue.  This

investigation was not designed to discover what actually happened, but rather was designed to avoid identification of misconduct by PETERSON or other District 9 employee. DOES ignored concerns regarding conduct by PETERSON toward female probationers. Not one employee of District 9 other than PETERSON was disciplined, considered for discipline or even counseled or retrained on policies intended for the protection of probationers.

33.

Through these acts and omissions of ratification, DOES were deliberately indifferent to ANGIE's constitutional liberty interests set forth above, to ANGIE's damage. Had DOES conducted a good-faith investigation into PETERSON's misconduct, DOES more likely than not would have exercised their statutory authority to report PETERSON's misconduct toward ANGIE to the sentencing judge so that ANGIE's probation could be modified in order to mitigate the emotional and, relative to her addiction, physical damage caused by PETERSON's sexual abuse of ANGIE.

34.

All Defendants' actions caused ANGIE emotional harm and worsening of her existing mental illness and addiction, and other damages for which Plaintiff is entitled to monetary relief. All Defendants' intentional and/or reckless misconduct, as set forth above, furthermore entitle Plaintiff to punitive damages in an amount to be determined at trial. Such actions were deliberate, reckless, wanton and cruel, with total and deliberate indifference to ANGIE's rights as a citizen and a human.

**WHEREFORE**, Plaintiff prays for judgment against the defendants as follows:

A. Plaintiff prays for damages in an amount which will fairly and justly compensate him for the violation of ANGIE's civil rights and her emotional pain and suffering;

B. Punitive damages in an amount sufficient to adequately punish Defendants and to deter future conduct of the type alleged in this Complaint;

C. For attorney's fees pursuant to 42 U.S.C. § 1988; and

D. For the costs of this action and for such other and further relief as this Court deems equitable and proper.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiff demands that this case be tried to a jury in North Platte, Nebraska.

RON SCHADE, Personal Representative of the Estate of ANGELA SCHADE, Deceased, Plaintiff,

By:   /s/ *Maren Lynn Chaloupka*
Maren Lynn Chaloupka, NSBA # 20864
Chaloupka, Holyoke, Snyder, Chaloupka & Longoria, P.C., L.L.O.
1714 Second Avenue
Post Office Box 2424
Scottsbluff, NE 69361
Telephone:  (308) 635-5000
Facsimile:  (308) 635-8000
E-mail:  mlc@chhsclaw.net

AND

Jeffry D. Patterson – NSBA # 20761
1141 H Street
P.O. Box 83104
Lincoln, NE 68508
(402) 318-6458
jeffpatterson@bartlegeierlaw.com